[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16512
Non-Argument Calendar

_____

D. C. Docket No. 04-00123-CV-5-SPM

WILLIAM JOHN HALE,

Plaintiff-Appellant,

versus

CAPT. HOWARD RIGGINS,
RICHARD JOHNSON, Assistant Warden,
S. WELLHAUSEN, Assistant Warden,
R. P. TIFFT, Colonel,
P. BUTLER, Classification Officer, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 15, 2005)

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

William John Hale, a Florida prisoner proceeding pro se,[1] appeals the district court's order converting into a motion to dismiss his motion to hold his 42 U.S.C. § 1983 action in abeyance. In his complaint, Hale sued 33 defendants for alleged constitutional violations relating to ten disciplinary reports. Hale moved to abate the instant proceedings because he was pursuing relief in state court first. The district court determined that Hale's claims were not cognizable under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), because they would imply the invalidity of the sentence -- a position supported by Heck's extension in Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), to cover disciplinary determinations that affect the length of a sentence. Accordingly, because Hale's disciplinary reports had not been invalidated, the district court dismissed Hale's action without prejudice. After careful review of the record and Hale's brief, we affirm in part and vacate in part.

On appeal, Hale argues the district court's conversion of his motion for abeyance and subsequent dismissal of the action was error, at least in part, because one of his claims was based on an overturned disciplinary report and thus had accrued and was cognizable. In Heck, the Supreme Court held that a civil rights

---

[1]Because Hale is proceeding pro se, we construe his pleadings more liberally than we would formal pleadings drafted by lawyers. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

plaintiff suing to recover damages for an allegedly unconstitutional conviction or imprisonment must prove that the conviction or sentence has been invalidated. See 512 U.S. at 486-87, 114 S. Ct. at 2372. A claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable under 42 U.S.C. § 1983. Id. at 487, 114 S. Ct. at 2372. The Supreme Court has applied the Heck analysis to claims made by prisoners challenging prison disciplinary actions. See Edwards, 520 U.S. at 648, 117 S. Ct. at 1589. Notably, for purposes of Hale's instant arguments, in Edwards, the Supreme Court expressly disapproved of the district court's abeyance of the § 1983 action, pending invalidation of the disciplinary actions challenged by the prisoner:

> Since we are remanding, we must add a word concerning the District Court's decision to stay this § 1983 action while respondent sought restoration of his good-time credits, rather than dismiss it. The District Court was of the view that once respondent had exhausted his state remedies, the § 1983 action could proceed. This was error. We reemphasize that § 1983 contains no judicially imposed exhaustion requirement; absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed.

Id. at 648, 117 S. Ct. 1589 (citations omitted) (emphasis added). Accordingly, as to nine of the disciplinary reports Hale challenges -- the reports that Hale concedes have not been invalidated, as they are part of a pending state court action -- the district court correctly dismissed the action.

3

As for Hale's challenge to the tenth disciplinary report, dated July 26, 2002, our review reveals that Hale alleged in his complaint that this report <u>was</u> invalidated. <u>See</u> Civil Rights Complaint Form, R.1 at 8-9. Moreover, Hale attached to his Complaint the grievance he filed, as well as the State's response, which indicates the following: "The disciplinary report you received on 7/26/02, for violation of 1-3 spoken threats, log# 110-021636 has been overturned. Our decision to overturn the disciplinary report was based on technical errors made in the processing of same. All necessary adjustments will be made to your inmate file and record. Based on the above information, your grievance is approved." <u>Id.</u> at Ex. SS.

In his objections to the magistrate judge's Report and Recommendation (R&R), Hale requested that the district court permit him to amend his complaint to pursue only those claims that had accrued and were not <u>Heck</u>-barred. Since his claim based on July 26, 2002 report was not <u>Heck</u>-barred, pursuant to Fed. R. Civ. P. 15(a), he was entitled to amend as a matter of right because the defendants were not yet served. <u>See</u> Fed. R. Civ. P 15(a) ("[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . ."). Instead of allowing him to amend the complaint, however, the district court stated, in its order adopting the R&R, that "[b]ecause the overturned

4

disciplinary report . . . is included in the currently-pending Leon County case, the statute of limitations will begin to run from the date that case is resolved, not the date the individual disciplinary report was overturned." We have very carefully reviewed the record and can find nothing indicating that the July report is part of the Leon County case. Moreover, even if the report was a part of that action, it does not necessarily follow that Hale's § 1983 claim has not accrued.[2]

Accordingly, we affirm the order of the district court insofar as it dismissed the nine Heck-barred claims, which involve disciplinary reports that have not been invalidated, and vacate the ruling of the district court insofar as it dismissed the claim challenging the overturned July 26, 2002 report. On remand, Hale should be permitted to amend his complaint to pursue this claim.[3]

**AFFIRMED IN PART AND VACATED IN PART; REMANDED.**

---

[2]Statutes of limitation pose no difficulty to plaintiffs whose convictions or sentences have not been invalidated because their § 1983 action has not yet arisen. Heck, 512 U.S. at 489, 114 S.Ct. at 2374. The statute of limitations begins to run when the cause of action accrues. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). The cause of action accrues on the date when the conviction or disciplinary action is reversed. Id. at 1239-40.

[3]Our holding is narrow. We have not considered the merits of the claim concerning the July 26, 2002 report. We hold only that Hale should be permitted to assert the claim in an amended complaint.